Filed 1/15/21  P. v. Muniz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUIS MIGUEL MUNIZ,<br><br>    Defendant and Appellant. | B306955<br><br>Los Angeles County<br>Super. Ct. No. KA072234 |

APPEAL from an order of the Superior Court of Los Angeles County, Rogelio G. Delgado, Judge. Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

In 2007, Luis Miguel Muniz was convicted of first degree murder in which he personally used a firearm. After the enactment of Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015), Muniz petitioned for resentencing under Penal Code section 1170.95. The trial court denied the petition and Muniz appeals. We affirm.

# BACKGROUND

In an information filed in September 2006, Muniz was charged in count one with the murder of Gustavo Ramirez (Pen. Code,[1] § 187, subd. (a)), in count two with shooting a firearm from a motor vehicle (§ 12034, subd. (c)), in count three with the attempted murder of Hector Escamilla (§§ 664/187, subd. (a)), and in count four with the attempted murder of Carlos Molinar (§§ 664/187, subd. (a)). As to count one, the information alleged that Muniz personally and intentionally discharged a firearm causing Ramirez's death within the meaning of section 12022.53, subdivision (d). As to the other counts, the information also alleged firearm use enhancements.

The jury convicted Muniz of all counts, including first degree murder, and found the firearm use enhancement allegations true, including the enhancement under subdivision (d) of section 12022.53 for "personally and intentionally discharg[ing] a firearm and proximately caus[ing] … death." On February 14, 2007, Muniz was sentenced to an aggregate term of

---

[1] All undesignated statutory references are to the Penal Code.

100 years to life. The judgment was affirmed in 2009. (*People v. Muniz* (Jan. 16, 2009, B197185) [nonpub. opn.].)

In June 2020, Muniz filed a form petition for resentencing under section 1170.95. He asked the court to vacate his murder conviction and resentence him under section 1170.95. The form petition alleged that the information filed against Muniz allowed the prosecution to try him under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted under one of those theories, and that he could not now be convicted of murder under the recent changes to the Penal Code contained in S.B. 1437, of which section 1170.95 was a part. He also asked the court to appoint counsel to represent him.

Muniz attached four exhibits to his form petition, including excerpts from the trial transcript and a probation report. Per the trial transcript, Muniz stipulated that the driver of the vehicle fired the bullets that killed the deceased. And, per the probation report, Muniz fired multiple shots at the victims from his vehicle, striking Ramirez in the torso and killing him.

On July 14, 2020, the court summarily denied the petition. The court noted that Muniz was convicted of first degree murder and the jury found that he personally and intentionally discharged a firearm which caused the victim's death. The court also noted that Muniz was not convicted under a theory of felony murder or the natural and probable consequences doctrine. Specifically, the court explained that the jury was not instructed on aiding and abetting, felony murder, or the natural and probable consequences doctrine.

Muniz filed a timely notice of appeal from the order, and we appointed counsel to represent him. Appointed counsel filed a

brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We notified Muniz that his attorney had filed a brief that raised no issues and that he could submit by brief or letter any grounds for an appeal, or contentions or arguments he wished this court to consider. Muniz submitted a supplemental letter brief stating that he was prevented from testifying at trial or calling unnamed alibi witnesses by his lawyer after his lawyer spoke to the prosecutor. Muniz stated that the prosecutor threatened to have the F.B.I. testify against Muniz if he and his alibi witnesses testified at trial. Muniz also complains that he was not allowed to select the jurors because his lawyer and the prosecutor had "something planned."

## DISCUSSION

Currently before the Supreme Court are the issues (1) whether a trial court can rely on the record of conviction to conclude that a defendant has failed to make a prima facie showing of eligibility for relief under section 1170.95 and (2) when the right to appointed counsel arises under that statute. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) Here, however, the documents attached or referenced by Muniz in his resentencing petition establish that he intentionally killed Ramirez by shooting him. Further, Muniz's trial jury was not instructed on felony murder or the natural and probable consequences doctrine. This distinction is critical because potential relief under section 1170.95 extends only to those convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939.) Because Muniz was convicted under a valid theory of

murder that survived the changes to sections 188 and 189, he is ineligible for relief under section 1170.95, and any possible error is harmless.

Assuming, without deciding, that a defendant is entitled to an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 in an appeal from the denial of a petition under section 1170.95, we have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, at p. 443.)

## DISPOSITION

The order is affirmed.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.